**Robert A. BREARD; George Eberhardt, James V. Gardella, Victor M. Gardella, Aaron Henschel, Walter A. Johnston, Harold T. Moscatiello, George E. Murphy, Bharat R. Patel, Harvey E. Patterson, Howard Zimmerman, Gary Forman, Plaintiffs–Appellants,**

v.

**SACHNOFF & WEAVER, LIMITED, Defendant–Appellee.**

No. 1562, Docket 91–7166.

United States Court of Appeals, Second Circuit.

Argued May 29, 1991.

Decided Aug. 12, 1991.

Robert J. LaRocca, Philadelphia, Pa. (Harold E. Kohn, Joanne Zack, Kohn, Savett, Klein & Graf, P.C., Philadelphia, Pa., Amy K. Damen, Damen & Sullivan, White Plains, N.Y., of counsel), for plaintiffs-appellants.

Scott M. Himes, New York City (James A. Mitchell, Stillman, Friedman & Shaw, P.C., of counsel), for defendant-appellee.

Before OAKES, Chief Judge, and CARDAMONE and WALKER, Circuit Judges.

OAKES, Chief Judge:

George A. Breard and eleven others (collectively, "investors") appeal from a judgment of the United States District Court for the Southern District of New York, Leonard B. Sand, *Judge*, dismissing their complaint for failure to plead fraud with particularity. Because we find that the complaint alleges sufficient facts to meet the pleading requirements of the Federal Rules of Civil Procedure, we reverse and remand.

## BACKGROUND

This dispute arises from investors' 1984 purchase of limited shares in a commercial real estate venture known as the Carlton Hotel Limited Partnership ("Carlton Hotel"). Sachnoff & Weaver, Ltd. ("Sach-

noff"), then counsel to the limited partnership, drafted Carlton House's initial offering memorandum, dated November 5, 1984, as well as its supplemental offering memorandum, dated November 12, 1984. In March 1988, Carlton House declared bankruptcy, primarily as a result of the fraudulent activities of John Berg, who had sold the commercial property to the general partners. Berg—who was to guaranty the business venture, to provide a limited cash flow to the general partners, and to assist in financing the limited partnership—failed to perform any of his obligations, and, in fact, misappropriated millions of dollars from Carlton House.

After Carlton House filed for bankruptcy, investors initiated this suit against Sachnoff on the ground that it had allegedly omitted and misstated at least twenty-two material facts in the two offering memoranda, in violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5. Most important, investors allege that the initial offering memorandum failed to disclose that Berg had pleaded guilty in 1983 to counts of mail fraud and conspiracy in connection with a previous fraudulent limited partnership scheme, and that the supplemental offering memorandum failed to disclose this information sufficiently, and, indeed, affirmatively misrepresented that Berg's criminal past "should not be material to an investment in the Partnership."[1] Investors also claimed that Sachnoff participated in the affairs of a racketeering enterprise, in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–64 ("RICO"), and committed numerous state offenses, including common law fraud and negligent misrepresentation.

On January 9, 1991, the district court, in an unpublished opinion, dismissed investors' section 10(b) and Rule 10b–5 claims on the ground that the third amended complaint had failed to plead fraud with particularity, as required by Fed.R.Civ.P. 9(b) ("Rule 9(b)"). The court reasoned that fraud actions have a stricter pleading requirement than most actions, and that investors' complaint, even when read in the light most favorable to its position, failed to allege any fact from which it could be inferred that "[Sachnoff] had knowledge or should have had knowledge of the alleged fraud." After dismissing the fraud count, the court dismissed investors' civil RICO claim on the ground that, absent fraud, there were no predicate acts to serve as a legal basis for the claim, and dismissed the pendant state law claims for lack of a federal basis for jurisdiction. Investors now appeal.

## DISCUSSION

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity," but goes on to state that "[m]alice, intent, knowledge and other condition of mind of a person may be averred generally." Thus, allegations of scienter—the dispositive issue below—"are not subjected to the more exacting consideration applied to the other components of fraud." *Ouaknine v. MacFarlane*, 897 F.2d 75, 81 (2d Cir.1990). However, there must be "some factual basis for

---

1. Paragraph 8 of the supplemental offering memorandum provides:

> On page 37 of the [initial offering] Memorandum it is noted that John C. Berg is one of the Sellers and is the guarantor under the Cash Flow Guarantee. It is not stated there that in 1983, Mr. Berg was indicted and that in 1984 he pleaded guilty to mail fraud and conspiracy in connection with the sale of partnership units in a real estate investment and was sentenced to make restitution to investors in the amount of $2,500,000. Mr. Berg's conviction was not mentioned because the General Partners structured the transaction so that

> even if it is assumed that Mr. Berg had bad intentions and might wish to defraud the Partnership, there are protections which for all practical purposes should preclude such actions. *As a result of the protections, Counsel for the Partnership and the General Partners are of the opinion that Mr. Berg's background should not be material to an investment in the Partnership.*

(emphasis added). The memorandum then goes on to detail the "protections," including that the funds paid to Berg would be held in escrow, and that Berg's credit guarantee was "collateralized."

conclusory allegations of intent." *Id.* at 80. Specifically, "[a]llegations of scienter are sufficient if supported by facts giving rise to a 'strong inference' of fraudulent intent." *Id.* (citation omitted). For Rule 10(b)(5) purposes, scienter includes recklessness. *See IIT v. Cornfeld,* 619 F.2d 909, 923 (2d Cir.1980).

Applying these standards here, we find that investors' pleadings satisfy Rule 9(b)'s requirements. Initially, there is no question that the complaint avers scienter generally. *See* Complaint ¶ 43 ("Defendant ... knowingly, willfully or recklessly participated in the preparation of and/or distribution [of] false and misleading materials"); *id.* ¶ 48 ("Defendant knew or was willful or reckless in not knowing that the statements, as set forth ... above, were materially false and misleading.").[2] Thus, the only question is whether the complaint pleaded a sufficient factual basis to support these allegations. We believe it did.

According to the complaint, (1) Sachnoff participated in drafting both the initial and supplemental offering memoranda (Complaint ¶ 3); (2) the initial offering memorandum failed to disclose any information regarding Berg's conviction for fraud in a prior limited partnership offering (Complaint ¶ 45); (3) the supplemental offering memorandum did not describe the nature of the fraud perpetrated by Berg, or the close similarity between the financing arrangements in that fraudulent offering and the Carlton House offering (Complaint ¶ 45); and (4) the supplemental offering memorandum represented that Berg's past conduct would not be material to an invest-

ment in Carlton House, for reasons that investors allege were entirely unfounded (Complaint ¶ 45). Contrary to the district court's conclusion, we find that these allegations, taken together, establish a relatively strong inference that Sachnoff was reckless in preparing the offering documents. Indeed, Sachnoff's failure to mention Berg's conviction in the initial offering memorandum could be considered reckless as a matter of law. *See SEC v. Electronics Warehouse, Inc.,* 689 F.Supp. 53, 68 (D.Conn.1988) (counsel to the underwriter had a duty of disclosure to investors, making failure to disclose that the President of the issuer had been indicted for mail fraud "reckless as a matter of law"), *aff'd sub nom. SEC v. Calvo,* 891 F.2d 457 (2d Cir. 1989) (per curiam), *cert. denied,* — U.S. ——, 110 S.Ct. 3228, 110 L.Ed.2d 674 (1990).[3] Moreover, once Sachnoff learned that Berg, the seller and principal guarantor of Carlton House, had just been convicted for mail fraud and conspiracy, Sachnoff should have informed itself of the nature and extent of Berg's criminal acts, and should have conducted some sort of independent investigation of the facts supplied by Berg. Failure to do so before offering the opinion in the supplemental offering memorandum that Berg's criminal past was "immaterial" could therefore be considered reckless. *See Goldman v. McMahan, Brafman, Morgan & Co.,* 706 F.Supp. 256, 259 (S.D.N.Y.1989) ("An egregious refusal to see the obvious, or to investigate the doubtful, may in some cases give rise to an inference of ... recklessness.").

In the end, investors' pleadings on scienter may not constitute a model of thorough-

---

**2.** This distinguishes the case from *IIT,* where we found allegations with respect to an accounting firm's role in preparing financial statements insufficient. In that case, the complaint alleged only that the firm had "failed to prepare financial statements ... reflecting the true financial condition" of the issuer, "failed to insure that full and correct financial information was provided," and "certified 'false and misleading financial statements.'" 619 F.2d at 924. Such allegations, we concluded, were "a long way from the most liberal notion of ... allegation[s] of knowledge or recklessness." *Id.*

**3.** Whether the subsequent disclosure of Berg's criminal past in the supplemental offering

memorandum "cured" the original omission is a question of fact that should not be resolved on the pleadings. *Cf. Spielman v. General Host Corp.,* 538 F.2d 39, 40 n. 2 (2d Cir.1976) (per curiam) (court could not find as a matter of law that an explicit disclosure in an appendix to a prospectus cured a misleading impression conveyed in the body of the prospectus); *Smallwood v. Pearl Brewing Co.,* 489 F.2d 579, 603 (5th Cir.) ("[B]urying the facts, or giving them less than significant emphasis, [may] deprive the shareholders of 'full and honest disclosure'") (citation omitted), *cert. denied,* 419 U.S. 873, 95 S.Ct. 134, 42 L.Ed.2d 113 (1974).

ness and precision, but they do allege sufficient facts to give rise to a strong inference of fraudulent intent. Because the district court's dismissal of investors' three claims rested on the conclusion that the complaint did not satisfy Rule 9(b), we reverse and remand for further proceedings consistent with this opinion.